FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
* JULY 10, 2024 *
BROOKLYN OFFICE

KCB:VC
F. #2023R00955

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>- against -<br><br>JOSEPH GRUNWALD,<br><br>Defendant. | S U P E R S E D I N G<br>I N D I C T M E N T<br><br>Cr. No. 24-19 (S-1) (NRM)<br>(T. 18, U.S.C., §§ 875(d), 981(a)(1)(C), 2251(a), 2251(e), 2253(a), 2253(b), 2260A, 2422(b), 2428(a) and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C. § 2461(c)) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

THE GRAND JURY CHARGES:

## COUNT ONE
(Interstate Coercion and Enticement of a Minor – John Doe #1)

1.  In or about and between April 2023 and June 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH GRUNWALD, using one or more facilities and means of interstate and foreign commerce, to wit: a mobile telephone, the internet and mobile internet applications, did knowingly and intentionally persuade, induce, entice and coerce an individual who had not attained the age of 18 years, to wit: John Doe #1, an individual whose identity is known to the Grand Jury, to engage in sexual activity for which a person can be charged with a criminal offense, to wit: Forcible Touching, in violation of New York Penal Law Section 130.52.

(Title 18, United States Code, Sections 2422(b) and 3551 et seq.)

2

## COUNT TWO
(Sexual Exploitation of a Child – John Doe #2)

2. In or about and between March 2023 and May 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH GRUNWALD did employ, use, persuade, induce, entice and coerce a minor, to wit: John Doe #2, an individual whose identity is known to the Grand Jury, to engage in sexually explicit conduct, and knowingly and intentionally attempt to do so, for the purpose of producing one or more visual depictions of such conduct and for the purpose of transmitting a live visual depiction of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using any means and facility of interstate and foreign commerce and which would be in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and which visual depictions were actually transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

(Title 18, United States Code, Sections 2251(a), 2251(e) and 3551 et seq.)

## COUNT THREE
(Sexual Exploitation of a Child – John Doe #1)

3. In or about and between April 2023 and May 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH GRUNWALD did employ, use, persuade, induce, entice and coerce a minor, to wit: John Doe #1, to engage in sexually explicit conduct, and knowingly and intentionally attempt to do so, for the purpose of producing one or more visual depictions of such conduct and for the purpose of transmitting a live visual depiction of such conduct, knowing and having reason to

know that such visual depictions would be transported and transmitted using any means and facility of interstate and foreign commerce and which would be in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and which visual depictions were actually transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

(Title 18, United States Code, Sections 2251(a), 2251(e) and 3551 et seq.)

## COUNT FOUR
(Transmission of Threats with Intent to Extort – John Doe #1)

4. In or about and between July 2023 and December 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH GRUNWALD did knowingly and willfully transmit in interstate commerce one or more communications containing one or more threats to injure the person and reputation of John Doe #1, with the intent to extort a thing of value from John Doe #1.

(Title 18, United States Code, Sections 875(d) and 3551 et seq.)

## COUNT FIVE
(Offense by a Registered Sex Offender)

5.      In or about and between March 2023 and June 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH GRUNWALD, being required by Federal and other law, to wit: New York State law, to register as a sex offender, did commit one or more felony offenses involving a minor under Title 18, United States Code, Section 2251 and 2422, to wit: the offenses charged in Counts One, Two and Three.

(Title 18, United States Code, Sections 2260A and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT ONE

6.      The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2428(a), which requires the forfeiture of: (a) any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offense, and (b) any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense, including but not limited to the following assets, both seized by law enforcement on or about January 3, 2024 in Brooklyn, New York: (i) one Motorola Moto G Pure cellular phone with IMEI 357902513260378; and (ii) one Samsung Galaxy S10E cellular phone with IMEI 354764100224933.

7.      If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

5

      (b)    has been transferred or sold to, or deposited with, a third party;

      (c)    has been placed beyond the jurisdiction of the court;

      (d)    has been substantially diminished in value; or

      (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 2428(a); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS TWO AND THREE

8.    The United States hereby gives notice to the defendant that, upon his conviction of either of the offenses charged in Counts Two and Three, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2253(a), which requires the forfeiture of: (a) any visual depiction described in Sections 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Title 18 of the United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of such sections; (b) any property, real or personal, constituting, or traceable to, gross profits or other proceeds obtained from such offenses; and (c) any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property, including but not limited to the following assets, both seized by law enforcement on or about January 3, 2024 in Brooklyn, New York: (i) one Motorola Moto G Pure cellular phone with IMEI

357902513260378; and (ii) one Samsung Galaxy S10E cellular phone with IMEI 354764100224933.

9. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 2253(a) and 2253(b); Title 21, United States Code, Section 853(p))

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNT FOUR

10. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Four, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

7

11. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

*By Carolyn Pokorny, Assistant U.S. Attorney*
_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK