UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,    :    24-CR-19(NRM)

            Plaintiff ,      :
                                  United States Courthouse
        -against-           :     Brooklyn, New York

JOSEPH GRUNWALD,            :
                                  November 7, 2024
            Defendant.      :     10:49 a.m.

- - - - - - - - - - - - - X


TRANSCRIPT OF CRIMINAL CAUSE FOR STATUS CONFERENCE
BEFORE THE HONORABLE NINA R. MORRISON
UNITED STATES DISTRICT JUDGE


APPEARANCES:

For the Government:          BREON PEACE
                             United States Attorney
                             BY: VINCENT M. CHIAPPINI,
                             Assistant United States Attorney
                             271 Cadman Plaza East
                             Brooklyn, NY 11201


For the Defendant:           FEDERAL DEFENDERS OF NEW YORK
                             One Pierrepont Plaza, 16th Floor
                             Brooklyn, NY 11201
                             BY: ALLEGRA W. GLASHAUSSER, ESQ.


Court Reporter:              Andronikh M. Barna
                             225 Cadman Plaza East
                             Brooklyn, New York
                             (718) 613-2178

Proceedings recorded by mechanical stenography, transcript
produced by computer-aided transcription.

THE COURTROOM DEPUTY:  Criminal cause for a status conference for Case No. 24-CR-19, U.S.A. v. Joseph Grunwald.

Counsel, please state your appearance for the record, starting with the Government.

MR. CHIAPPINI:  Good morning, Your Honor.

Vincent Chiappini for the United States.

And I'm joined at counsel table by my colleague, AUSA Michael Castiglione.

THE COURT:  Good morning.

MS. GLASHAUSSER:  Good morning, Your Honor.

Allegra Glashausser, representing Mr. Grunwald, who is seated next to me.

THE COURT:  Okay.  Good morning.

Good morning, Mr. Grunwald.

My apologies for keeping you all waiting.  I was running behind schedule this morning.

We are here for a status conference on this matter.

At the last conference I know that the Government had recently produced discovery on the charges in the superseding indictment and, given the language issues and the volume of it, I wanted to give you all some time to review it. So, let me hear from you all on the status since that time.

MR. CHIAPPINI:  Thank you, Your Honor.

So, since that time, the Government made a production on November 1st of some additional materials.  We

expect to make another production hopefully in the coming weeks, as soon as we receive some translations which have already been ordered, discovery materials.  We understand the Defense is preparing a mitigation package to hopefully further some discussions to resolve the case short of trial.

The Government and Defense spoke before about the next time to meet and we have a slight difference of opinion. The Defense would prefer to meet in 90 days, I understand. The Government would prefer 45 days, if possible.  Because Defendant is detained, we have two victims, I think we're coming toward the end of being substantially complete with discovery, so we'd like to keep the case moving for that reason.  I understand, though, 45 days does put us close to the holidays and whatnot, so as a compromise the Government would also be okay with 60 days for the next status conference for a chance to check in and see where Defense is with the mitigation package and where we are in terms of being prepared to go to trial.

THE COURT:  Okay.

What do you estimate in terms of the timing of this next production that you referenced?

I know you said there's still some translations to be done and some other preparation to do.

MR. CHIAPPINI:  Yes.  I think we can make a production before the end of the month.  It's somewhat

difficult to promise it because it depends on when the translations are returned.  The estimates I've received for the translations that have been ordered are that we would receive it by the end of the month, if not sooner.

And we have one other issue with the technical feasibility of a production of a certain item I mentioned in my last discovery letter.  We received returns from Instagram, direct message returns with the John Doe No. 2 and the Defendant.  But we'd like to produce those to the Defense directly.  They're available for their review, you know, in a secure location, but we would like to produce the conversation itself.  The problem is that there are images and videos we cannot -- or at least images we cannot produce from there because of the contents of those images.  So, we're trying to find a way to strip out the images and videos and just produce the text.  We're able to do that with other types of messages.  We've done that with messages from WhatsApp and Telegram already in this case.  But because of the way we receive those, so far it's not technically feasible to produce them with the images stripped out.  The FBI is working with FBI Headquarters' technology people to attempt to do that, and we are hopeful to be able to do that.  I don't have a timeline for that, but those documents are -- or, you know, that message exchange is available already to be reviewed in person.

THE COURT:  Okay.  All right.  Thank you.

MR. CHIAPPINI:  Thank you, Your Honor.

THE COURT:  Ms. Glashuasser, let me hear from you both on the discovery issues as well as what your anticipated timing is on the mitigation packet and how the two intersect, if at all, or whether they're on parallel tracks.

MS. GLASHAUSSER:  Yes, Your Honor.  They are on parallel tracks.  We are working on our mitigation submission to the Government while we were also getting and reviewing discovery.

Mr. Grunwald has been meeting with two experts at MDC.  I do anticipate -- it is always a bit of a lengthy process in these kind of cases and I anticipate that to be true here as well.  We are not at the stage of even having draft reports from those experts.  And one of them is still, I think, very much in the process of meeting with Mr. Grunwald and collateral contacts, including his parents, who are here in the audience today.  So, I do anticipate that taking a significant amount of time, which is why I'm asking for 90 days.  And I also recognize that once we give it to the government, that also takes often a similarly lengthy time for them to review.

As far as the discovery, we did receive the production on November 1st.  The Instagram message conversation that the Government referenced, I have requested

to receive the text of that produced to me.  Because when the Government says it's available to me, I understand that it is a very lengthy conversation.  The way that I can review things that are not produced to me is in a room where I'm not allowed to have a computer, so I can only have a piece of paper to take notes about what I am looking at.  Which is fine if it's some pictures, I can take notes about that.  But if it's a lengthy text message conversation, I can't possibly transcribe all that into my notebook and then convey it to Mr. Grunwald so we can discuss it.  And I really see no reason why they can't produce that, the text itself, but I am patient and I'm sure that they will find a way to --

THE COURT:  Just so I understand the technical issue, it's not the case that an image could simply be blacked out like the old-fashioned way, where -- is it a video?  Or why is it that the actual text can't be produced?

MR. CHIAPPINI:  My understanding of it is that it's just that we don't have the ability to just take this conversation and print it to PDF and then manually redact the image and also because of the way the returns come in.  And also, we don't have the ability to load it into the programs that normally can just strip the images out altogether, like Cellebrite or AXIOM, that we use when we're analyzing a phone.

So, we have this technical feasibility issue.  We're doing everything we can and we certainly want to be able to

produce the text-only version as we have with the other conversations where it's more easy to do so.

THE COURT: Right. Okay.

MR. CHIAPPINI: Yeah.

THE COURT: It's certainly not in this Court's capacity to question how that is done. It's strange, in the world of screen shots and printing, that, you know, there isn't some way, but I certainly trust your representation that it's technically difficult given the format in which it was generated for whatever reason.

All right. So, big picture, you know, I don't have an issue with a shorter status conference timeline if the Government would like to sort of keep things on track and ensure the complainants that things are at least being overseen by the Court.

I guess I'm just wondering what you expect we would address in 45 days because that does seem to be a bit short, given the need to have all of this produced and given, you know, what I understand to be the Defense's several layers of needing to review it both in the secure facility as well as then having to visit her client, discuss the material with him and the like before you all can have some meaningful discussions about a resolution. So, let me know if you think there is something you think we could address in that time frame and let me also just look at where that would land us in

terms of timing.

(Pause in proceedings.)

THE COURT:  I am on trial the week of December 9th and probably through the 16th, depending on how long it goes, or at least it's possible.  So it's possible I could set something up for the week of the 23rd, although I imagine that's not terribly convenient for a lot of people.  I will be here.  I'm not sure how much of my staff will be here, but we certainly could do it then if court is open.  The other possibility would be to push it to early January, which is not too much further out.

MR. CHIAPPINI:  I think the Government would be more than okay with pushing it to early January, Your Honor.  I think it would be, as you mentioned, to keep the complainants, you know, confident that the Government is attempting to move the case forward.  Also, we can confer about the status for a mitigation package and how those plea discussions are progressing, as well as talk about where we are with discovery and the Defense's pace.

THE COURT:  Okay.

MR. CHIAPPINI:  You know, what time the Defense needs to --

THE COURT:  Okay.  Thank you.

Ms. Glashuasser, how is the week of January 6th or the week of January 13th for you?

MS. GLASHAUSSER:  That's fine for me.

THE COURT:  Okay.

MS. GLASHAUSSER:  January 15th -- January 13th, I believe, is --

THE COURT:  That week, yes.

MS. GLASHAUSSER:  That week is open for me.

THE COURT:  Okay.

All right.  Let me just look real quick.

(Pause in proceedings.)

THE COURT:  Okay.  Why don't we do it on Thursday January 16th at 11:30?  How is that for everyone?

I could also do later in the day.  I could do Wednesday the 15th or Tuesday the 14th as well.

MS. GLASHAUSSER:  The 16th at 11:30 works for me.

THE COURT:  Okay.

How about for the Government?

MR. CHIAPPINI:  It works for the Government as well, Your Honor.

THE COURT:  All right.  So, we will set our next status for Thursday, January 16th at 11:30.  And in light of the parties' ongoing production and review of discovery and discussions of a resolution short of trial, I will exclude time in the interest of justice until that date.

Anything further any of you would like to address with me before we adjourn?

MR. CHIAPPINI:  Nothing further from the Government, Your Honor.

MS. GLASHAUSSER:  No, Your Honor.

THE COURT:  Okay.  All right.

Mr. and Mrs. Grunwald, I appreciate you being here as always.  If you would like some time to visit with your son, I'm happy to make myself available here.  Just remember, as always, no physical contact.  The marshals will be nearby and I will remain in the courtroom, but I'm happy to give you a few minutes.

All right.  We're adjourned.  Thank you, all.

MR. CHIAPPINI:  Thank you, Your Honor.

(Matter concluded.)

*    *    *    *    *

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/ Andronikh M. Barna                April 9, 2025
_____          _____
    ANDRONIKH M. BARNA               DATE

Andronikh M. Barna, Official Court Reporter, RPR, CRR