U.S. Department of Justice

United States Attorney
Eastern District of New York

PP:VC  
F. #2023R00955

271 Cadman Plaza East  
Brooklyn, New York 11201

September 15, 2025

By ECF

The Honorable Nina R. Morrison  
United States District Judge  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

      Re:    United States v. Joseph Grunwald  
             Criminal Docket No. 24-19 (NRM)

Dear Judge Morrison:

      The government writes in response to the Court's order during the August 20, 2025 status conference to provide the Court with (1) examples of judicial decisions on the applicability of a mandatory minimum sentence prior to the defendant's entering a guilty plea and (2) how such a decision would impact the government's appellate rights.

      As discussed at the hearing, the parties believe that a decision on the appropriate mandatory minimum sentence for a violation of 18 U.S.C. § 2251(a) would be helpful to plea negotiations. A defendant has a right under Federal Rule of Criminal Procedure 11(b)(1)(I) to understand "any mandatory minimum penalty" that he faces when pleading guilty. Here, the parties disagree on the mandatory minimum sentence that the defendant faces in light of his prior convictions. See 18 U.S.C. § 2251(e) (setting three different mandatory minimum penalties depending on defendant's prior convictions). The government believes that this requirement could be satisfied by apprising the defendant of the highest possible mandatory minimum sentence, while also acknowledging that the Court may determine that a lower mandatory minimum sentence applies. A ruling by the Court in advance, however, would provide more helpful information to the defendant because he would know the position of the Court—who will actually sentence him—as to the correct mandatory minimum sentence.

      Courts in this circuit have made similar rulings in child exploitation cases. See United States v. Galanter, No. 23-CR-407 (BMC), Minute Entry dated Apr. 16, 2024 (E.D.N.Y.) (determining impact of prior convictions on mandatory minimum sentences for violations of 18 U.S.C. § 2251(a) and 2252(a)(2)); United States v. Ragonese, No. 19-154 (PAC), Opinion & Order, at 2 & n.1 (S.D.N.Y. Sept. 10, 2019) (ECF No. 24) (same for violation of 18 U.S.C. § 2252A(a)(2)(B)); United States v. Vado, No. 14-CR-666 (PAE), 2015 WL 1611337, at *1-2 & n.2 (same for violations of 18 U.S.C. § 2251(a), 2252A(a)(2)(B) and 2252A(a)(5)(B)). Courts in

this circuit have also determined, prior to a defendant's guilty plea or conviction, his eligibility for sentence enhancements pursuant to the Armed Career Criminal Act.  See United States v. Anderson, No. 24-CR-219 (PMH), 2025 WL 1784902, at *1 (S.D.N.Y. June 27, 2025); United States v. Jackson, No. 13-CR-142 (PAC), 2013 WL 4744828, at *1-2 (S.D.N.Y. Sept. 4, 2013).

The Court also asked whether the government might appeal the Court's ruling.  If the defendant decided to plead guilty, each party's appellate rights would ultimately be subject to negotiation in a future plea agreement.  If the Court reaches a different conclusion than the government on the appropriate mandatory minimum sentence, the government may require the following terms in an agreement to plead guilty to a violation of Section 2251(a): a preservation of the government's appellate rights; a warning of a potential higher mandatory minimum sentence if the government successfully appeals the defendant's sentence; and a promise by the defendant not to withdraw his plea in the event that a higher mandatory minimum sentence is found applicable after appellate review.

The government apologizes for the delay in providing this information to the Court.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:    /s/ Vincent Chiappini
Vincent Chiappini
Assistant U.S. Attorney
(718) 254-6299

Cc:   Clerk of Court (NRM) (via ECF and e-mail)
Allegra Glashausser, Esq. (via ECF and e-mail)